### CRAIN *vs.* BAILLIO & AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Compensation cannot be pleaded in cases of insolvency when the claim of the debtor to the insolvent, proposed to be compensated, has been acquired by such debtor, subsequently to the failure of such insolvent.

A claim due from an insolvent debtor to a partnership firm cannot be allowed in compensation of a debt due by an individual member of the firm to the insolvent.

Richard W. Kay owed the estate of Jas. H. Gordon, deceased, $765, for which he executed his three notes for $255 each, dated January 15, 1820, payable in 1, 2 and 3 years from the date, with ten per cent interest from the date until paid. The notes were drawn payable to Maria C. Gordon, widow and administratrix of her husband's estate. Kay also gave a mortgage on a lot of ground in Alexandria, to secure the payment of these notes, it being the lot sold to Kay by Gordon. On the 19th of November 1821, Kay sold and conveyed this lot to Wm. Ship, who afterwards sold it to R. A. Crain the present plaintiff, by deed duly recorded October, 12 1827. On the 3d. of November 1827, Shipp, Kay & Co. transferred all their claims against Gordon's estate, to said Crain; among which was a priviledged one of $303, 70, which had been ordered to be paid as such, by the Court of Probates as far back as April 1820. It appeared never to have been paid by the administratrix. The estate also owed Shipp, Kay. & Co. $500 and upwards, for the purchase of goods. These were all transferred to Crain: and R. W. Kay who first gave his *three* notes and the mortgage on the lot now claimed by the plaintiff, was also a member of the firm of Shipp, Kay & Co.

The notes of Kay, given as above, were delivered up by the administratrix of Gordon's estate, on settling her account, as uncollected debts due it.

The estate of Gordon being insolvent, P. L. Baillio was appointed Syndic by the creditors. The two last notes of Kay still remaining unpaid, on the 19th March 1828, the Syndic obtained an order of seizure and sale against the mortgaged property, now in the possession of Crain, as third possessor.

Crain obtained an injunction, and set up his claims on the estate of Gordon as assignee of Shipp, Kay & Co. against the demand of the Syndic, arising on the two unpaid notes of Kay with the mortgage on the lot. The injunction was dissolved, and Crain appealed.

*Winn* for the plaintiff, insisted that Crain having become the *bona fide* owner of debts due by the succession administered by the Syndic, he has a right to sett it off against the claim of the Syndic on the mortgaged property in his possession.

*Thomas* and *Flint* for defendant, excepted to the sufficiency of the appeal and on the ground :

1. That it is only for *half over the nett amount* of the notes sued on, without *including interest* which had accrued ; and that the appeal ought to be dismissed.

2. The matters now in contestation have already been decided by this Court, in a suit between the same parties, and that it is now *res judicata.* See Crain vs. Baillio, 7 Mar. N. S. 273.

3. The claims of the plaintiff having been acquired since the insolvency of Gordon's succession, the Syndic had no power to admit them in compensation of the debt due the succession.

*Mathews* J. delivered the opinion of the Court. In this case the plaintiff claimed and obtained an injunction as subsequent purchaser, and third possessor, against an order of seizure and sale, which issued at the instance of the defendant in his capacity of Syndic, &c. and was levied on property which had been sold as part of the succession of the deceased J. H. Gordon, which he represents as Syndic and administrator as an insolvent estate. The case was heretofore before this Court, (7 Mar. N. S. 273) and the capacity of Baillio as Syndic, established and recognized, and cannot now be legally contested. The injunction obtained in the present instance was dissolved by the District Court, from which the plaintiff appealed.

The only question which the case presents, relates to the appellants' right to compensate a *priviledged debt*, due from the deceased to Ship, Kay & Co. and regularly transferred to him, since the former judgment rendered by the Supreme Court. It is clear that compensation does not legally take place in cases of insolvency, when the debtor to the insolvent acquires claims against him subsequent to his insolvency. It was decided by our former judgment in this case, that the claim set up in compensation, being due to the firm of Shipp, Kay & Co, could not be pleaded, or allowed in opposition to one by Kay alone, to Gordon's estate.

It is true that the plaintiff has since the purchase of the property seized, and since he became owner thereof, acquired a right to this claim from all the firm of Shipp, Kay & Co. but he acquired this right at *a time when it could not be allowed* in compensation of debts due by Gordon's estate ; for it was then insolvent.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

*Western District.*
*October*, 1830.

CRAIN
*vs.*
BAILLIO & AL.

Compensation cannot be pleaded in cases of insolvency when the claim of the debtor to the insolvent, proposed to be compensated, has been acquired by such debtor, subsequently to the failure of such insolvent.

A claim due from an insolvent debtor or to a partnership firm, cannot be allowed in compensation of a debt due by an individual member of the firm to the insolvent.