No. 1991.—CHAS. CASE, Receiver, etc. v. JOHN W. CANNON.

In case of insolvency, compensation cannot take place, if the debtor of the insolvent acquires the claim proposed to be compensated after the failure of the insolvent.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. J. D. Rouse and G. L. Bright, for plaintiff and appellee. R. & H. Marr, for defendants and appellants.

LUDELING, C. J. This is a suit on two promissory notes, drawn by John W. Cannon, for $3,500 each, maturing respectively twentieth May and nineteenth June, 1867.

The notes were discounted and held by the First National Bank of New Orleans. The bank failed on the thirteenth May.

The checks or bills of exchange drawn by the First National Bank of New Orleans, acquired by Cannon after the failure of the bank, can not be pleaded in compensation of the debts which he owed the bank.

When the Receiver was appointed, it became his duty to collect the debts of the bank and to pay over the money to the Treasurer of the United States, to be ratably distributed by the Controller among the creditors of the bank. U. S. Statutes at large, vol. 13, p. 114, sec. 50.

It is well settled in this State, that compensation can not take place when the debtor of an insolvent acquires the claim, proposed to be compensated, after the failure of the insolvent. 2 La. 82; 2 An., Dwight et al. *v.* Carson, Adm'r.

The appellee has prayed for an amendment of the judgment in his favor as against John W. Cannon, and we think the evidence fully authorizes the change prayed for.

The judgment against David C. McCann is clearly erroneous; there is no evidence to support it, nor is he a party to the suit.

It is therefore ordered, that the judgment of the district court as to David C. McCann be avoided and annulled; and it is further ordered and adjudged, that there be judgment against John W. Cannon for the sum of seven · thousand dollars, with eight per cent. per annum interest from eighteenth of March, 1868, till paid, and six dollars and sixty cents costs of protest, and costs of both courts.